Ronald P. Pope, #13-237
Thomas B. Diehl, #18-241
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com

and

Benjamin C. Jackson, #18-249
Jackson Legal Group, LLC
105 E. 6th Street
Scott City, KS 67871
Phone: (620) 874-9844
Fax: (307) 369-1781
ben@jacksonlegalgroup.net
*Attorneys for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JULIO CESAR ESQUIVEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-19-52-R |
| | ) | |
| 1. GOINS ENTERPRISES, INC.; | ) | |
| and | ) | |
| 2. GATES UTILITIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW the plaintiff, by and through his attorneys, and for his causes of action against the defendants alleges and states as follows:

I. **THE PARTIES:**

    1.     This action is a diversity action between a citizens of different states.

    2.     Plaintiff is a resident and citizen of Lakin, Kearny County, Kansas.

    3.     At all times material to the allegations of fault in this matter, plaintiff Julio Cesar Esquivel was an employee of Hydro Resources Holdings, Inc., and he brings this action both individually and for and on behalf of his employer and its workers compensation insurance carrier as their interests may appear herein.

    4.     At all times material to the allegations of fault in this matter, plaintiff Julio Cesar Esquivel was authorized to perform work at a job site in Adams, Oklahoma, through his employer, who was a subcontractor on the project.

    5.     At all times material hereto, defendant Goins Enterprises, Inc., was a foreign for-profit corporation with a principal place of business and current mailing address of 3255 N. County Lane 252, Joplin, Missouri 64801, and it was authorized to conduct business within the State of Oklahoma.  Defendant Goins Enterprises, Inc., may be properly served with Summons by serving its Resident Agent, Carrie A. Goins, at 3255 N. County Lane 252, Joplin, Missouri 64801.

    6.     At all times material hereto, defendant Gates Utilities, LLC, was a Texas limited liability company with a principal place of business and current mailing address of 414 S. Dumas Ave., Ste. A, Dumas, Texas 79029-3733.  Upon information and belief, the members of Defendant Gates Utilities, LLC, are residents of the State of Texas.  Defendant Gates Utilities, LLC, may be properly served with Summons by serving its Resident Agent, Anthony A. Gates, at 325 N. Meredith, Dumas, Texas 79029.

## II. JURISDICTION AND VENUE:

7. The plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-7 above as though fully set forth herein.

8. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. Sec. 1332 and the laws of the United States of America as diversity of citizenship exists between the plaintiff and the defendants and the amount in controversy exceeds the value of $75,000.00, exclusive of interests and costs.

9. Upon information and belief, complete diversity exists between the plaintiff and the defendants.

10. Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b)(2) as the injuries complained of herein by plaintiff occurred in Adams, Texas County, Oklahoma.

## III. FACTS COMMON TO ALL COUNTS:

11. The plaintiff adopts and incorporates all of the information and allegations contained in paragraphs 1-10 above as though fully set forth herein.

12. On April 14, 2017, defendant Goins Enterprises, Inc., (hereinafter "Goins") was the primary general contractor for a project constructing a water well in Adams, Oklahoma (hereinafter the "Adams project"). As the primary general contractor, Defendant Goins was responsible for providing a safe workplace free of defects and hazards for its employees and for all subcontractors working on the Adams project.

13. As part of its duties and responsibilities to provide a safe workplace free of defects and hazards, Defendant Goins, individually and by and through its employees, agents, ostensible agents, and assigns, was charged with certain non-delegable duties which included a duty to

properly inspect, maintain, keep up, and repair and known or obvious defects and hazards at the Adams project site.

14. On April 14, 2017, Defendant Gates Utilities, LLC, (hereinafter "Gates") was a subcontractor of Defendant Goins on the Adams project. Defendant Gates was subcontracted to pour the concrete slab which would form the foundation upon which the water well would be placed.

15. Similar to Defendant Goins, Defendant Gates had a duty and a responsibility to maintain a safe workplace and to properly inspect, maintain, keep up, and repair the Adams project job site such that it was clear of dangerous defects and hazards which were known, or through the exercise of due care, reasonably should have been known to Defendant Gates.

16. On April 14, 2017, plaintiff Julio Cesar Esquivel (hereinafter "Esquivel") was appropriately and properly on the Adams project job site as an employee of Hydro Resources Holdings, Inc., (hereinafter "Hydro"). Hydro had been subcontracted by Defendant Goins to install a new well which was to be placed as part of the Adams project.

17. Plaintiff Esquivel and three (3) other Hydro employees arrived on the Adams project site at approximately 9:00 a.m. on April 14, 2017. This was the first time that Plaintiff Esquivel had been on the Adams project site.

18. Upon their arrival, Plaintiff Esquivel and the other Hydro employees noticed equipment, presumably the property of other contractors, lying about the job site. They also noticed uncapped and uncovered "pry bars" (rebar) sticking out of the newly laid concrete slab. There were no warning signs, such as orange cones or flags, which served to indicate or alert the Hydro employees to the dangerous and defective conditions created by the uncapped "pry bars."

properly inspect, maintain, keep up, and repair and known or obvious defects and hazards at the Adams project site.

14. On April 14, 2017, Defendant Gates Utilities, LLC, (hereinafter "Gates") was a subcontractor of Defendant Goins on the Adams project. Defendant Gates was subcontracted to pour the concrete slab which would form the foundation upon which the water well would be placed.

15. Similar to Defendant Goins, Defendant Gates had a duty and a responsibility to maintain a safe workplace and to properly inspect, maintain, keep up, and repair the Adams project job site such that it was clear of dangerous defects and hazards which were known, or through the exercise of due care, reasonably should have been known to Defendant Gates.

16. On April 14, 2017, plaintiff Julio Cesar Esquivel (hereinafter "Esquivel") was appropriately and properly on the Adams project job site as an employee of Hydro Resources Holdings, Inc., (hereinafter "Hydro"). Hydro had been subcontracted by Defendant Goins to install a new well which was to be placed as part of the Adams project.

17. Plaintiff Esquivel and three (3) other Hydro employees arrived on the Adams project site at approximately 9:00 a.m. on April 14, 2017. This was the first time that Plaintiff Esquivel had been on the Adams project site.

18. Upon their arrival, Plaintiff Esquivel and the other Hydro employees noticed equipment, presumably the property of other contractors, lying about the job site. They also noticed uncapped and uncovered "pry bars" (rebar) sticking out of the newly laid concrete slab. There were no warning signs, such as orange cones or flags, which served to indicate or alert the Hydro employees to the dangerous and defective conditions created by the uncapped "pry bars."

19.     According to Occupational Safety and Health Administration (hereinafter "OSHA") Standards, "[a]ll protruding reinforcing steel, onto and into which employees could fall, shall be guarded to eliminate the hazard of impalement." 29 CFR § 1926.701(b). The State of Oklahoma has adopted the OSHA Standards for the construction industry. *See* Okla. Admin. Code 380:40-1-2; Okla. Stat. Ann. Tit. 40, § 403.

20.     On the date of incident, there were no guards placed on the protruding rebar, and this is a violation of OSHA standards and Oklahoma law.

21.     Plaintiff Esquivel and the other Hydro employees began organizing their equipment for the construction of the electric well. They were tasked with moving heavy pipe, tools, and chains from their work vehicles to the site where the well would be constructed, and this necessarily required them to maneuver around the uncapped, dangerous, and exposed rebar.

22.     During this process, Plaintiff's pant leg became caught on a piece of uncapped, dangerous, and exposed rebar, causing him to lose his balance.

23.     Plaintiff was unable to stabilize himself, and he fell onto the right side of his body while making contact with the exposed rebar. Said rebar impaled Plaintiff's pant leg, ultimately piercing through the seat of his pants, cutting his leg and his scrotum.

24.     Plaintiff further suffered serious and progressive personal bodily injuries, including a compound fracture of his right forearm, along with other damages as more fully set forth below.

25.     Defendant Goins was negligent in allowing this exposed and uncapped rebar on the Adams project job site and by failing to abide by OSHA standards and Oklahoma law.

26.     Defendant Gates was negligent in allowing this exposed and uncapped rebar on the Adams project job site and by failing to abide by OSHA standards and Oklahoma law.

27. Nothing that the Plaintiff did or failed to do caused or contributed to his personal bodily injuries or other resultant damages.

28. This incident and all of the resulting personal injuries and other damages sustained and suffered by plaintiff Julio Cesar Esquivel were a direct and/or combined result of the negligence and fault of these defendants, by and through their employees, agents, ostensible agents, and/or assigns for whose conduct the defendants are vicariously liable, which includes, but is not limited to:

   a. Their negligent failure to adopt an adequate policy for the timely maintenance, inspection, upkeep, and repair of the Adams project job site such that it was free from dangerous conditions and defects;

   b. Their negligently allowing uncapped rebar to exist on the Adams project job site such that it created a tripping and impalement hazard;

   c. Their negligent failure to remedy, repair, or correct a condition of which they were aware, or through the exercise of reasonable care should have been aware, which created a dangerous and defective condition on the Adams project job site on the date of incident;

   d. Their negligent failure to provide protective coverings (i.e., rebar caps) on the date of incident so as to prevent or minimize tripping and impalement hazards;

   e. Their negligent failure to maintain proper controls, policies, procedures and protocol to identify, remove, or otherwise correct dangerous and defective conditions to prevent individuals on the premises of Adams project, including Plaintiff Julio Cesar Esquivel, from being exposed to any such dangerous and defective conditions;

    f. Their negligent failure to correct a temporal condition of which they were aware or of which they should have been aware through the exercise of reasonable care on the freshly laid concrete slab upon which Plaintiff Esquivel and his co-employees were to construct the electric well;

    g. Their negligent failure to properly mark, repair, or otherwise warn individuals on the premises of the Adams project, including Plaintiff Julio Cesar Esquivel, of dangerous and defective conditions existing of which they knew or of which they should have known through the exercise of due care and diligence;

    h. Their negligent failure to properly train, monitor, and/or instruct their employees regarding OSHA regulations and Oklahoma law surrounding the capping of exposed rebar; and

    i. Their negligent failure to follow OSHA regulations and Oklahoma law regarding the capping of exposed rebar so as to prevent tripping and impalement hazards.

29. Defendants are vicariously liable for the negligent acts, omissions, and commissions committed by their employees, agents, ostensible agents, assigns, and subcontractors within the nature, course, and scope of their employment and/or contractual obligations.

30. As a direct result of the negligence and fault of the defendants, individually and by and through their employees and/or agents, Plaintiff Julio Cesar Esquivel has been made to sustain and suffer serious personal injuries; he has had to incur necessary medical care and treatment to date; he has had to incur the reasonable expenses of this necessary medical care and treatment to date; he will have to receive additional necessary medical care and treatment in the future and sustain the reasonable costs associated with the same; he has been made to sustain past and future pain, suffering, and mental anguish; he has sustained permanent disabilities; he has sustained

permanent disfigurement; he has suffered a loss of earnings and earning capacity to date and will continue to suffer these losses in the foreseeable future; and he has suffered and sustained other damages, all in an amount that is in excess of $75,000.00.

31. Plaintiff is entitled to judgment against the defendants in an amount in excess of $75,000.00.

WHEREFORE, plaintiff Julio Cesar Esquivel prays that judgment be entered in his favor and against the defendants in an amount in excess of $75,000.00, along with the costs of this action and such other relief as the Court deems just and equitable.

REQUEST FOR JURY TRIAL.

*s/Ronald P. Pope*
Ronald P. Pope, #13-237
Thomas B. Diehl, #18-241
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
tom@ralstonpope.com

and

Benjamin C. Jackson, #18-249
Jackson Legal Group, LLC
105 E. 6th Street
Scott City, KS 67871
Phone: (620) 874-9844
Fax: (307) 369-1781
ben@jacksonlegalgroup.net
*Attorneys for the Plaintiff*